Don M. PRICE *v.* Mary Kellogg PRICE

CA 89-147                                    780 S.W.2d 342

Court of Appeals of Arkansas
Division I
Opinion delivered November 22, 1989

*Don M. Price*, for appellant.

*Walter A. Murray Law Firm*, for appellee.

George K. Cracraft, Judge. Don M. Price appeals from an order of the chancery court of Pulaski County granting Mary Kellogg Price a divorce. He contends that appellee did not sufficiently prove and corroborate her grounds for divorce, and that the trial court erred in not granting his motion to dismiss the complaint, in permitting the appellee to amend her complaint, and in allowing attorney's fees. We find no error and affirm.

Appellee testified that when she married appellant he had three "female roommates" residing in the same duplex in which he lived with her as his wife, and that he was supporting all three of them. She stated that after the marriage two of the women moved out but the third one remained. Although appellant continually promised appellee that he would remove the other woman from the duplex, he continued to support her. Appellee testified that appellant's attitude about keeping and supporting

other women had not changed since the parties' separation because, when the woman about whom she complained moved out, another one moved in and was now living with him.

Appellee called no witnesses to corroborate her initial complaints of marital misconduct, but she additionally testified that subsequent to the separation appellant had unjustifiably attempted to have her committed to a mental institution, which caused her considerable anguish. Appellee called Myrtle Jean Blow, a professional counselor with the Adult Protection Service. Ms. Blow testified that appellant had in fact consulted her about having appellee committed, and that in her opinion there were absolutely no grounds to justify such an attempt. She stated, "My opinion was that *he* should be committed."

Appellant objected to appellee's testimony and that of Ms. Blow on grounds that the event had occurred since the suit had been filed and therefore could not be considered as a ground for divorce in this action. The trial court agreed but stated that it would permit appellee to amend her complaint. Appellant objected to the amendment and moved to dismiss for failure to properly prove and corroborate her grounds for divorce. The trial court did not rule on the motion to dismiss, but granted a continuance for a sufficient time to permit the appellee to properly amend her pleadings and for appellant to respond and prepare to meet the allegations. Appellee then filed an amendment embracing all of the grounds that she had previously testified to and including continued presence of another woman in his home and the unjustifiable attempt to commit her to a mental institution. Appellant filed a response denying the allegations.

When court reconvened approximately one month later, appellee again testified as to the circumstances of appellant's attempt to have her committed to a mental institution and that that "made me feel terrible. It made me feel that Don hated me." Rather than recall Ms. Blow, the parties stipulated that if Myrtle Blow and Terry Riley were present in court they would testify that they were social workers employed at the Adult Protective Service, that in the course of their work they knew that appellant attempted to have appellee committed to a mental institution, and that Ms. Blow would testify that she knew appellee very well and there was "absolutely no need" for her to be committed. It

was further stipulated that if Diahna Burleson were present she would testify that she was an attorney in the Pulaski County Prosecuting Attorney's office and that appellant had also approached that office to have appellee committed.

Appellee also testified that from the time the parties were married appellant was openly consorting with and supporting other women in the same duplex in which the parties lived as husband and wife, and that he continued to do so thereafter. Mary Bundy, called as a witness on behalf of appellant, corroborated appellee's testimony that after the parties separated appellant moved Bonnie Lester into the house and that she was living with him at that time.

Appellant first contends that the trial court erred in permitting appellee to amend her complaint to allege those indignities that were inflicted after the original complaint had been filed. There is no reason why pleadings in a divorce action cannot be amended to allege grounds for divorce that have arisen since the original action was commenced. See Milne v. Milne, 266 Ark. 900, 587 S.W.2d 229 (Ark. App. 1979). Rule 15 of the Arkansas Rules of Civil Procedure provides for liberal amendments to and supplementation of pleadings. Rule 15(a) provides that a party may amend his pleadings at any time unless the court finds that prejudice would result or the disposition of the case would be unduly delayed because of the amendment. Rule 15(b) provides that, where issues are not raised by the pleadings, such amendments to the pleadings as may be necessary to cause them to conform to the evidence and to raise the issues may be made on motion of any party at any time, even after judgment. It further provides that, if evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion and may grant a continuance to enable an objecting party to meet such evidence. Rule 15(d) provides that the court may, upon reasonable notice and terms as are just, permit a party to supplement his pleadings to set forth occurrences or events that have happened since the filing of the original pleading.

Here, appellee's testimony as to appellant's attempt to unjustifiably commit her to a mental institution and that he was still living with another woman were acts that occurred after she

filed her suit. Appellant objected that that testimony was not within the issues raised by her pleadings and moved to dismiss. Appellee moved to amend or supplement her complaint so as to include those allegations. Under Rule 15, it was within the court's discretion to allow the pleadings to be amended. The court granted a continuance, both parties filed amended pleadings, and the hearing resumed approximately one month later. Appellant has not pointed out to us in what way he was prejudiced by the action of the court, or that that action in any way prevented him from properly defending against the complaint. We cannot conclude that the trial court abused its discretion in this instance.

For these same reasons, we find no error in the court's refusal to grant appellant's motion to dismiss at the time the continuance was granted.

Appellant next contends that appellee failed to prove and corroborate her grounds for divorce. He bases this argument on the premises that appellee's testimony regarding her grounds was general, conclusory, and not sufficiently specific, and that the trial court erred in considering the parties' stipulation as corroborating evidence. We disagree.

The court granted appellee a divorce on grounds of general indignities. In order to grant a divorce on these grounds, the court must find that the offending spouse is guilty of conduct amounting to rudeness, contempt, studied neglect, or open insult, and that the conduct has been pursued so habitually and to such an extent as to render the conditions of the complaining party so intolerable as to justify an annulment of the marriage bonds. This finding must be based on facts testified to by the witness and not upon beliefs or conclusions, in order that the court may be able to determine whether those acts and conduct are of such a nature to justify the conclusions reached by the witness. *Harpole* v. *Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984). From our review of this record, we cannot conclude that appellee's testimony lacked the necessary specificity, or that the acts and conduct to which she testified lacked the necessary character, to support the chancellor's finding that appellee had proven her grounds.

Nor can we agree with appellant that the trial court erred in considering the stipulation as to what certain witnesses'

testimony would be if they were present, and that the case therefore should be reversed and dismissed for lack of corroboration of grounds.[1] We cannot conclude that the court is prohibited from considering testimony given by witnesses who were not present in court. Agreed stipulations of what a witness would testify to if present is an accepted method of presenting proof. The stipulation is accepted only as testimony and not as an admission of the facts testified to. *Burton* v. *Brooks*, 25 Ark. 215 (1869). The trier-of-fact is free to give it such weight as it deserves and is free to accept it or reject it in whole or in part. *See* 73 Am. Jur. 2d *Stipulations* § 17 (1974). Moreover, we note that, in any event, appellee's testimony regarding appellant's openly consorting with other women was corroborated by appellant's own witness, who testified to the fact that a woman was then living with appellant.

Appellant finally contends that the trial court erred in allowing attorney's fees in any amount, and that in any event the fee of $1250.00 was excessive. Whether to allow such fees in divorce actions and in what amounts are matters within the chancellor's discretion. In the absence of a clear abuse of discretion in fixing the fee, the chancellor's decision will not be disturbed on appeal. *Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987). In determining the amount of the fee the court may consider a number of factors, including the relative financial conditions of the parties, and may use its own knowledge and experience as a guide. Considerable weight will be given the opinion of the judge before whom the proceedings were conducted. *Paulson* v. *Paulson*, 8 Ark. App. 306, 652 S.W.2d 46 (1983).

Here, appellant was making over $60,000.00 a year as an employee of the Missouri-Pacific Railroad Company, from a vending machine business, and from the Naval Reserve. Appel-

---

[1] Appellant's point is apparently based on the proposition that the stipulation constituted a waiver of the requirement of corroboration of grounds or an admission by him to the truth of the evidence contained in the stipulation. While we disagree with this characterization of the stipulation, *see infra*, we do note that, contrary to appellant's assertions, *corroboration* of one's grounds in a contested divorce action may now be waived by the other spouse. *See Rachel* v. *Rachel*, 294 Ark. 110, 741 S.W.2d 240 (1987); Ark. Code Ann. § 9-12-306(b) (1987).

lant also had $30,000.00 in savings accounts. Appellee did not work, and, although there was evidence that she received some money from "another income," there was also evidence that she had incurred a substantial medical bill, which she could not afford to pay. From our review of the record, we cannot conclude that the chancellor abused her discretion in allowing a fee in this case or that the amount allowed was excessive.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.