Gilbert Leroy LEMON *v.* Ike Allen LAWS, Jr.

92-1255                                         852 S.W.2d 127

Supreme Court of Arkansas
Opinion delivered May 3, 1993
[Rehearing denied June 7, 1993.]

*Crockett, Brown & Worsham, P.A.*, by: *Richard E. Worsham, Cheryl Fisher Anderson*, and *Robert J. Brown*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Gilbert Leroy Lemon, contends that attorney, Ike Allen Laws, Jr., breached his contract of employment to represent him in a suit for divorce and

committed malpractice by representing him in a negligent manner. On the first day of trial, the trial court granted Laws' motion to strike the contract claim, and the jury returned a verdict in favor of Laws on Lemon's claims of malpractice and for statutory attorney's fees. Because the trial court erred in not allowing the contract claim to stand, we reverse and remand its judgment.

In 1985, Lemon filed for divorce in Yell County Chancery Court, and Laws was his attorney. Although Lemon believed he had evidence of his wife's infidelity, the divorce complaint filed by Laws listed general indignities as grounds for divorce. Lemon's wife contested only as to property division. During the divorce trial, Laws offered proof of general indignities by asking Lemon two questions about his grounds for divorce. No witnesses were called. The trial court entered an Amended Decree granting Lemon a divorce, and as part of the property division, Maureen Lemon was ordered to pay her husband $29,000.

She appealed, and the Court of Appeals reversed the trial court as Lemon failed to prove and corroborate grounds for divorce. (*Lemon* v. *Lemon*, No. CA 87-63, July 8, 1987).

Victorious on appeal, Maureen filed for divorce in Pulaski County Chancery Court. Lemon discharged Laws and hired another attorney, Bill Sherman, to represent him in this second divorce dispute. The parties entered into a property settlement, but it was quite different than the property division ordered by the Yell County Chancellor. Pursuant to the settlement agreement embodied in the Pulaski Chancery decree, Lemon was required to pay his wife $41,000 in cash (using proceeds from what he described as a "quick sale.") He further alleged that he incurred additional expenses as a result of this second trial including $18,000 in bills owed to an accountant acting as advisor, and $6,500 as fees to Bill Sherman, his second attorney.

Because the property settlement agreement entered in the Pulaski County Chancery Court decree was substantially different from the property division made by the Yell County Chancellor, and because of the additional fees he incurred as a result of his involvement in two court actions, Lemon sued Laws for malpractice, and Laws counterclaimed for attorney's fees. Later, Lemon voluntarily non-suited his claim for malpractice; however, Laws

proceeded on his claims for fees and obtained judgment.

In 1989, Lemon refiled his malpractice claim against Laws under theories of both tort and breach of contract. His complaint was dismissed by Pope County Circuit Court pursuant to *res judicata*, but this decision was reversed and remanded on appeal. *Lemon* v. *Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991).

On remand, Lemon amended his complaint of malpractice and breach of contract by including a request for statutory attorney's fees. However, on the first day of trial, the judge granted Laws' motion to strike the contract claim. The jury returned a verdict in favor of Laws on the remaining issues, and judgment was entered accordingly. Lemon now appeals from this most recent judgment.

The trial court granted Laws' motion to strike the breach of contract action seemingly because it thought that a negligence action and a breach of contract action should not be combined. Consider the judge's exchange with the parties when he granted the motion:

> LAWS' ATTORNEY. Yes, sir. Would you like for us to renew our motion on the record to strike? We filed a pleading in that respect.
>
> THE COURT. I just thought we would clean up everything out here on the record.
>
> LAWS' ATTORNEY. Basically, it is our position that this is just a negligence action and not a breach of contract action and there can be no negligent breach of the contract so that we would ask that counsel be admonished not to argue a breach of contract action here or entitlement to attorney's fees.
>
> LEMON'S ATTORNEY. As to whether this is an action for contract or negligence, we think that the relationship was indeed a contractual relationship. It's an implied contract and that implied contract had implied duties which were the standard of care that Mr. Laws owed to Mr. Lemon and that there is no inconsistency between proceeding with breach of contract theory and the negligence theory. It just so happens that the action that was the

breach of contract that we are alleging was also the negligent [sic] action.

THE COURT. Well, I don't think that you can combine the two causes of actions. I think it's just like I said in chambers. You don't sue a doctor for a breach of contract because of his professional services that he's rendered, at least I'm not aware of any cases. It's always dealt with as a standard of care. It's a tort action; and I feel that attorneys would fall into the same class as a professional person as a doctor, and it's a tort action. It's not a contract action. So, the Court will limit your proof to that dealing with tort and not in contract.

■ Contrary to the trial court's thoughts, our rules permit the joinder of claims brought against a party. Specifically, A.R.C.P. rule 18(a) provides that a "party asserting a claim for relief as an original claim. . .may join either as independent or as alternate claims, as many claims as he may have against an opposing party. . . ."

Laws cites *Robertson* v. *White*, 633 F.Supp. 954 (W.D.Ark. 1986) in support of his contention that the contract claim was properly struck by the trial court. In *Robertson* the United States District Court, interpreting Arkansas law, held that a contract claim could not be brought against accountants because the complaint against them was based on "bad performance moreso than the failure to embark upon a promised course of perform-ance." *Id* at 974.

■ In reviewing *Robertson*, we note that the District Court made no reference to our holding in *Halsey* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985), which is dispositive of the issue as to when contract and tort causes of action can be joined and is applicable to the facts at hand. In *Halsey*, a contract promotor filed suit against a booking agent alleging breach of contract, negligence and fraud, arising out of the failure of singer, Rick Nelson, to appear at a scheduled concert. The appellant argued that the trial court erred in submitting the case to the jury on theories of tort and contract. This court disagreed stating, "Contract and tort theories have been determined to be consistent when both seek the same relief and the evidence to support recovery on one theory partially supports it on another." *Id* at

465.

■ Citing *Halsey, supra,* Brill, *Arkansas Law of Damages,* § 2-6 (2d ed. 1990), affirms this proposition that if a party has two or more remedies that are concurrent and consistent, he may pursue all of them explaining that:

> [T]he courts have also delineated which remedies are not inconsistent. Alternative theories are consistent when both seek the same general relief and the evidence to support recovery on one theory partially supports it on another. For example, when a concert promotor sued an agent who failed to provide the musician agreed upon, the promotor was permitted to assert grounds of contract, fraud and negligence. Although the plaintiff may recover on only one theory, and although the recoverable damages may vary with the theory, alternative theories may be pursued, and the jury instructed on alternative theories. However, in another case, the court held that it was improper for the plaintiff to proceed on both a contract theory and a tort theory, at least when punitive damages were sought. That decision is not in accord with the election doctrine or with procedural developments.

Brill, *Arkansas Law of Damages,* § 2-6 (2d ed., 1990).

■ In his first amended complaint, Lemon alleged that Laws was negligent in his representation of him by failing to present sufficient proof to corroborate Lemon's asserted grounds for divorce. His breach of contract cause of action, which was struck by the trial court, arose from this same theory in that he alleged that Laws' omission to put on proof to corroborate Lemon's grounds for divorce was a breach of the implied contract between the parties. Clearly, both causes of action seek the same relief and the evidence to support recovery on one theory partially supports it on another.

As such, the trial court should not have struck the breach of contract claim. Accordingly, we reverse and remand for proceedings consistent with this opinion.

CORBIN, J., not participating.