The Honorable Tom Courtway State Representative P.O. Box 56 Conway, Arkansas 72033
Dear Representative Courtway:
This opinion is being issued in response to your recent questions regarding divorce actions and domestic abuse actions. You have presented the following specific questions:
 (1) Can a domestic abuse case be converted into a divorce proceeding in the same action, without the necessity of filing a separate divorce action?
 (2) If a domestic abuse case and a divorce proceeding may be brought together, can the filing fee for the divorce action be collected?
RESPONSE
Question 1 — Can a domestic abuse case be converted into a divorceproceeding in the same action, without the necessity of filing a separatedivorce action?
It is my opinion that a domestic abuse case can be converted into a divorce proceeding involving the same parties, but that a separate complaint complying with all pleading requirements for divorce proceedings, see generally A.C.A. § 9-15-301 et seq., must be filed and served upon the defendant.
The divorce statutes and the domestic abuse statutes are silent regarding the question that you have presented. They neither prohibit nor expressly allow the conversion of a domestic abuse action into a divorce action. For that reason, I have turned for guidance to the rules that have developed in relation to the issues of the joinder of claims and the amendment of pleadings. Rule 18 of the Arkansas Rules of Civil Procedure allows a party to join "as many claims as he may have against an opposing party." Rule 18(a), Ark. R. Civ. P. The Arkansas Supreme Court has interpreted this joinder rule as allowing the joinder in one action of all claims seeking relief that is concurrent or consistent. See Lemon v.Laws, 313 Ark. 11, 852 S.W.2d 127 (1993). (The relief sought in a divorce action and in a domestic abuse action is consistent and to a certain extent is, indeed, quite similar.) In addition, the Arkansas Rules of Civil Procedure allow for the amendment of original pleadings for the purpose of adding issues that have arisen since the time of the filing of the first pleading. See Rule 15, Ark. R. Civ. P.; Price v. Price,29 Ark. App. 212, 780 S.W.2d 342 (1989).
On the basis of these authorities, I conclude that a domestic abuse case may be converted into a divorce action involving the same parties by the filing of a complaint for divorce subsequent to the filing of the original domestic abuse action. However, the subsequent divorce complaint must meet all pleading requirements for the initiation of a divorce action, see, e.g., A.C.A. § 9-12-301 (grounds for divorce), and must be served separately upon the defendant as though a new action were being commenced. See A.C.A. § 9-12-303.
Nothing in the domestic abuse statutes or in the divorce statutes prohibits the court from considering the divorce action in the same docket with the domestic abuse case. Indeed, the principle of judicial economy would seem to dictate that the two actions should be brought together, in light of the fact that much, if not all, of the evidence will be the same for the two actions.
Question 2 — If a domestic abuse case and a divorce proceeding may bebrought together, can the filing fee for the divorce action becollected?
It is my opinion that if a domestic abuse case is converted into a divorce proceeding (or if the two causes are originally initiated together as one action), the filing fee for the divorce action can be collected. Act 1256 of 1995 authorizes the collection of filing fees by the Circuit/Chancery clerks. Although domestic abuse cases are explicitly exempted from initial filing fees, see A.C.A. § 9-15-202, divorce cases are not. See generally A.C.A. §§ 9-12-301—321. For this reason, I conclude that the filing fee for divorce actions may be collected.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh