2011 Ark. App. 13

**Sean McDOUGAL, Appellant**

v.

**Lisa McDOUGAL, Appellee.**

**No. CA 10–604.**

Court of Appeals of Arkansas.

Jan. 5, 2011.

George Alan Wooten, Robert A. Frazier, Pamela D. Roberts, Fort Smith, for appellant.

Roy R. Gean III, Fort Smith, for appellee.

RAYMOND R. ABRAMSON, Judge.

|₁Appellant Sean McDougal brings this appeal from the order of the Sebastian County Circuit Court increasing his child-support obligation to appellee Lisa McDougal and finding him in arrears in that obligation. Sean argues four points on appeal: (1) the circuit court erred in not following the child-support guidelines in calculating his income, his child-support obligation, or his arrearage; (2) the circuit court erred in not making a finding on whether there was a material change in circumstances necessary to support a modification of child support; (3) the circuit court erred in not considering whether Sean should be allowed to claim the children as dependents; and (4) the circuit court erred in denying the motion and |₂supplemental motion for reconsideration and, therefore, the award of attorney's fees to Lisa should be reversed. We affirm in part and vacate and remand in part.

The parties were divorced by decree entered March 5, 2009. Lisa was awarded custody of the parties' two minor children and Sean was ordered to pay child support of $4,262 per month, based on a stipulated income of $20,614 per month.[1] The decree also provided for the division of marital property, including a bank account, a money-market account, and a health-savings account.

On August 3, 2009, Lisa filed a motion to cite Sean for contempt and a motion to amend the decree, alleging that Sean had improperly reduced his child support. On August 25, 2009, Sean filed a motion for, *inter alia*, modification of child support.[2]

1. This income was derived from Sean's dental practice and his National Guard service.

2. Sean also asserted a motion for contempt, a motion for return of alimony paid during the month Lisa remarried, a motion for change of custody of the parties' minor daughter, and a motion seeking to have the parties' son undergo counseling. Lisa agreed to allow Sean credit of $333 for the pro rata amount of alimony after she remarried. The motions for contempt and change of custody were withdrawn by Sean and dismissed without prejudice. The parties agreed to a resolution of the motion for counseling. Those matters are not at issue in this appeal.

At the hearing the parties agreed to determine Sean's child-support obligation for two time periods in 2009: March through August, which represented the period between the decree and the time the motions were filed, and from September 2009 forward. They further agreed that March through August support would be based upon Sean's 2006, 2007, and 2008 income, for which tax returns were available. The parties stipulated to 2006 and 2007 income, leaving only the 2008 income in disagreement. For September 2009 and after, the parties agreed that child support would be based upon Sean's 2007, 2008, and partial 2009 income. Because the tax returns for 2009 were not yet available, 2009 income had to be estimated based upon the information available, which Sean provided.

On January 15, 2010, the circuit court issued a letter opinion announcing its decision. As for the March through August calculation, the court relied upon the parties' stipulation that Sean's monthly income for 2006 and 2007 was $20,614 per month. For Sean's 2008 income, the court started with Lisa's calculations, which showed Sean's adjusted gross income of $359,309, with deductions of $100,227 for federal and state taxes. This resulted in a net income of $259,082. The court allowed further deductions of $9,611 for social security; medicare; national guard expenses; and writing expenses Sean paid to have Lisa's book published. These deductions resulted in an annual net income of $249,471 or $20,789 per month. The court averaged Sean's monthly income for 2006 through 2008 and arrived at an average monthly net income of $20,672.33. The court then calculated the amount of Sean's child support as $4,274 per month for the period of March through August 2009.

For the period of September 2009 forward, the court started with the calcula-

tions contained in Lisa's Exhibit 4. Exhibit 4 listed Sean's 2007 gross income as $391,460. His adjusted gross income was $381,462. After deductions for state and federal taxes, Sean's net income was $262,584 or a monthly income of $21,882. The court allowed further deductions of $5,786, bringing Sean's net income to $256,798 or $21,399 per month. The court's calculations for 2008 were the same as set out in the preceding paragraph. For Sean's partial 2009 income, the calculation was that Sean's net monthly income was $28,303. This was after a 28% deduction from Sean's draws to account for taxes. The court allowed further deductions totaling $645 for guard expenses, the children's insurance, and taxes and insurance on a rental unit. This reduced Sean's net monthly income to $27,658. The court then found that the average monthly income for 2007, 2008, and 2009 was $23,282. The court then calculated Sean's monthly child-support payment at $4,822.22.

The court noted that in making the calculations, it disallowed deductions for contributions to a health-savings account, office expenses, other business-property expenses, and overpayment of taxes for the reason set out in Lisa's posttrial brief. The court also noted that Lisa's agreement to allow Sean to deduct one-half of his contribution to a money-market account was generous in light of this court's holding in *Pannell v. Pannell*, 64 Ark.App. 262, 981 S.W.2d 531 (1998).

The court then turned to the issue of arrearages in Sean's support payments. The court found that Sean had paid $30,293 for the period of March through November 2009. The court calculated that Sean should have paid $43,398.98 for that same period, based on nine payments of $4,822.22 each. This resulted in an arrearage of $13,105.98, which the court ordered

paid within thirty days.[3] The court's order was entered on February 24, 2010.

Through new counsel, Sean filed a motion and a supplemental motion asking that the court reconsider its determination of income, its finding of arrearages so as to provide credit for summer visitation, and to consider whether Sean should be entitled to claim the parties' minor children as dependents.[4]

By order entered on March 3, 2010, the court denied both motions, stating that with regard to the issues of credit for extended summer visitation or Sean being allowed to claim the children as dependents, "it is hardly proper for the court to 'reconsider' these issues since it was never asked to consider them to begin with at the hearing or in the post-trial briefs." The court awarded Lisa an attorney's fee of $600 for having to respond to the motions. This appeal followed.

Our standard of review for an appeal from a child-support order is de novo, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Wilhelms v. Sexton,* 102 Ark. App. 46, 280 S.W.3d 565 (2008). In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* We give no deference to a circuit court's conclusions of law. *Id.*

Sean's first point is that the circuit court erred in calculating the amount of his support obligation because the court did not follow Administrative Order Number 10 in several respects. His argument is based on his assertion that the figures used by the court were "inflated" and not based on his actual income.

The amount of child support lies within the sound discretion of the circuit court, and the court's finding will not be reversed absent an abuse of discretion. *McWhorter v. McWhorter,* 346 Ark. 475, 58 S.W.3d 840 (2001); *Kelly v. Kelly,* 341 Ark. 596, 19 S.W.3d 1 (2000); *Smith v. Smith,* 337 Ark. 583, 990 S.W.2d 550 (1999). Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision; it requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Taylor v. Taylor,* 369 Ark. 31, 250 S.W.3d 232 (2007).

It is the ultimate task of the circuit court to determine the expendable income of a child-support payor. *Cole v. Cole,* 89 Ark.App. 134, 201 S.W.3d 21 (2005). This income may be different from income for tax purposes. *Id.* In the present case, Sean's 2007 income played an important role in the court's determination of three issues: the amount of his child-support obligation for the period of March through August 2009; the amount of his child-support obligation from September 2009 forward; and the amount of his arrearages. However, the court was inconsistent in its treatment of his 2007 income. For example, the court used the 2007 income as stipulated by the parties in making the March through August 2009 calculation; however, the court recalculated Sean's 2007 income in making the current support calculation. Moreover, even though the court made the calculations for the two periods, the court did not use both calculations in determining the amount of Sean's arrearage; instead, it used only the current support calculation. In fairness,

---

**3.** Sean was given a credit of $333 for the pro rata amount of alimony paid in the month Lisa remarried, reducing the arrearage to $12,772.98.

**4.** The motion to reconsider was filed prior to the entry of the court's order.

we also note that both parties submitted evidence and exhibits in which they recalculated Sean's 2007 income, instead of relying on the stipulated figure.[5] Although the circuit court was not required to accept the parties' stipulation as to Sean's 2007 income, *see Price v. Price*, 29 Ark.App. 212, 780 S.W.2d 342 (1989), the court should have been consistent in its use of the figures for Sean's 2007 income or provide an explanation for not doing so.

On appeal, this court has the power to decide child-support cases de novo on the record before it, but in appropriate cases, we also have the authority to remand such cases for further action. *Dumas v. Tucker*, 82 Ark.App. 173, 119 S.W.3d 516 (2003). We think it appropriate to remand this case to the circuit court for a determination of Sean's child support based on a consistent figure for his 2007 income. We leave it to the circuit court's discretion as to what figure it will use.

We turn next to Sean's second point where he argues that the circuit court erred in not making a specific finding of a material change in circumstances. A review of the circuit court's letter opinion and order reveals that the court never made a specific finding that a material change of circumstances had occurred. Although we recently held that, where the circuit court fails to make findings of fact on a material change of circumstances, we are permitted on de novo review to conclude that there was evidence from which the circuit court could have found such changed circumstances, *Maley v. Cauley*, 2010 Ark. App. 850, 378 S.W.3d 808, we cannot do so in this case because of the uncertainty about Sean's 2007 income and how it impacts the court's other calcula-

tions that use that 2007 income. Because we are remanding this case for recalculation of Sean's support obligation, the circuit court should also make an express determination about whether a material change in circumstances warranting modification of support has occurred.

In Sean's third point, he argues that the circuit court erred in not allowing him to claim the children as dependents for tax purposes where he would benefit more from the dependency allocation than would Lisa. Sean first asked the court to rule on the issue in his supplemental motion for reconsideration. A circuit court does not abuse its discretion by denying a posttrial motion seeking to raise an issue that was not raised at trial. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007); *Williams v. First Unum Life Ins. Co.*, 358 Ark. 224, 188 S.W.3d 908 (2004). Stated differently, an issue must be presented to the circuit court at the earliest opportunity in order to preserve it for appeal. *See Cochran, supra.* For that reason, a party cannot wait until the outcome of a case to bring an error to the circuit court's attention. *See id.* Because Sean's posttrial motions sought to raise new issues that should have been raised at trial, we cannot say that the circuit court erred in denying those motions.

Most of Sean's fourth point is directed at the circuit court's decision to award Lisa an attorney's fee of $600 for having to respond to Sean's motions for reconsideration. He argues that he is, in effect, being penalized for changing attorneys after the matter was tried but before the order was entered. In *Scroggins v. Scroggins*, 302 Ark. 362, 790

5. We also note that the parties were inconsistent in their treatment of proper deductions authorized by section (III) of Administrative Order Number 10. On remand, the court and the parties should review Administrative Order Number 10 to ascertain the proper treatment of any proposed adjustments to Sean's income.

S.W.2d 157 (1990), the supreme court held that Ark.Code Ann. § 9–12–309(b) gives the circuit court wide discretion to award attorney's fees to either party in cases seeking a modification of the amount of child support. One of the factors cited by the circuit court was that prior counsel was familiar with the arguments and issues that had been presented to the court and new counsel was not. Another factor was the economic disparity between the parties. Based on this record, we cannot say that the circuit court abused its discretion in awarding Lisa a $600 attorney's fee.

Affirmed in part; vacated and remanded in part.

GLADWIN and GRUBER, JJ., agree.