MIKE MURPHY, Judge
This is a case about child support. On January 25, 2018, the circuit court of Garland County entered an order modifying Demontie's visitation and increasing his child-support obligation. Demontie appeals, arguing that the circuit court did not have jurisdiction to enter the order or alternatively, that retroactive child support was not correctly calculated, and the amount of child support was too much. We affirm but modify the retroactive-support award to conform with our statute.
Erika and Demontie Cross were married in June 2002 and divorced in July 2010. Two children were born during the marriage. The parties were awarded joint custody with Erika to be the primary physical custodian. Demontie was ordered to pay child support. Throughout the years, Demontie's child-support obligation changed as his career progressed. On August 12, 2016, Erika filed a petition to modify transportation, visitation, and child support. On October 7, 2016, counsel for Erika emailed Mr. Bogdan Susan, an attorney who had previously reached out to her on behalf of Demontie, asking if he would be willing to accept service for Demontie, or if she needed to send out a process server. A legal assistant from the firm emailed Erika's counsel back on October 13, stating that they would accept service. No summons was ever issued, and no affidavit of service was ever filed.
On February 16, 2017, Erika filed the same petition again, a summons was issued, and Demontie answered. On October 12, Demontie filed a motion to decrease his child support. A final hearing was held on December 14, and the court took up the issues of visitation and child support. At the hearing, the parties testified about, among other things, their current living arrangements and finances. At the conclusion of the hearing, the court invited both parties to submit proposed findings of fact and conclusions of law in lieu of closing arguments. Each party submitted proposed *409 findings of fact and conclusions of law, and each party provided a written argument as to why the other's order should not be entered. Relevant to this appeal, the court entered Erika's proposed order, which set Demontie's child-support payment at $6,229.24, based on a net monthly income of $29,982.11, and ordered Demontie to pay arrearages dating back to August 2016, when Erika filed the first petition. Demontie now appeals.
On appeal, Demontie first argues that the circuit court lacked jurisdiction to entertain Erika's August 12, 2016 petition because he was never served with either the petition or the summons. Demontie has waived this argument. Unlike subject-matter jurisdiction, which can be raised at any time, including for the first time by this court sua sponte on appeal, personal jurisdiction may be waived by a party. Vibo Corp., Inc. v. State ex rel. McDaniel , 2011 Ark. 124, at 9, 380 S.W.3d 411, 419. Because this is a case involving the welfare of children, the court had continuing jurisdiction. Our rules do not require that a summons be served when the circuit court has continuing jurisdiction, as it did here. Wilson v. Wilson , 2016 Ark. App. 191, at 7, 487 S.W.3d 420, 425. In his answer to the petition, Demontie admits that jurisdiction is proper, and he did not raise the defense of insufficiency of service of process. Nor did he move to dismiss the August 2016 petition for failure of service of process. A defense of insufficiency of service of process is waived if it is not made by motion under Arkansas Rule of Civil Procedure 12(g) or in a responsive pleading. Ark. R. Civ. P. 12(h)(1) ; see also Wallace v. Hale , 341 Ark. 898, 900, 20 S.W.3d 392, 394 (2000).
Demontie next argues that, in the event his first point on appeal is unsuccessful, the circuit court committed reversible error in awarding seventeen full months of back child support. As previously discussed, Erika filed her first motion for modification of child support on August 12, 2016. The order at issue, however, awarded Erika back child support for "August 2016 through December 2017 in the amount of $2,879.24 per month for a period of 17 months for a total of $48,947.08."
Arkansas Code Annotated section 9-14-107(d) (Repl. 2015) provides that child-support modifications are to be retroactively set as of the filing of the motion for modification. Retroactive modification of a court-ordered child-support obligation may be assessed only from the time that a petition for modification is filed. Yell v. Yell , 56 Ark. App. 176, 178, 939 S.W.2d 860, 862 (1997). Absent a specific finding of fraud in procuring an existing support decree, it is an abuse of discretion to impose a retroactive modification of a support order beyond the filing date of a petition to modify. Beavers v. Vaughn , 41 Ark. App. 96, 849 S.W.2d 6 (1993). We agree that it was erroneous for the circuit court to award a full month of child support for the month of August. In her brief, Erika even conceded this point. Accordingly, the award of retroactive support is affirmed; however, it is modified to begin August 12, 2016, when the petition was filed.
Finally, Demontie argues that the trial court committed reversible error when it did not deviate from the chart in making its child-support award. It is a rebuttable presumption that the Arkansas Family Support Chart amount is the correct amount of support to be awarded. Ark. Code Ann. §§ 9-14-107(d), 234(c)(1), and 9-12-312. The amount of support ordered is within the discretion of the circuit court and will not be disturbed absent an abuse of discretion. Smith v. Smith , 341 Ark. 590, 19 S.W.3d 590 (2000).
*410 Demontie argues that the award was an abuse of discretion because it (1) exceeds Erika's living expenses, (2) is contributing to Erika's accumulation of wealth, and (3) is going toward paying for Erika's third child. He cites Gilbow v. Travis , 2010 Ark. 9, 372 S.W.3d 319, for the proposition that a court may grant more or less support if the evidence shows that the needs of the child require a different level of support. However, in Huey v. Huey , we wrote that while a circuit court may deviate from the child-support chart when the chart exceeds or fails to meet the needs of the child, we have rejected the argument that a noncustodial parent does not have to pay child support pursuant to the chart simply because that amount exceeds a child's actual needs. 90 Ark. App. 98, 104-05, 204 S.W.3d 92, 96 (2005).
Furthermore, the evidence supports the amount awarded because, at the hearing, Erika testified that her two daughters with Demontie have missed opportunities for extracurricular activities such as travel and basketball camps because of a lack of funds. She also testified that one of the girls needed braces, and Demontie would not agree to help pay for them. Accordingly, we affirm the circuit court's determination that Demontie should pay child support pursuant to the chart.
Affirmed as modified.
Abramson and Harrison, JJ., agree.