Cite as 2020 Ark. App. 110

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-291

| | | |
|---|---|---|
| DEMONTIE CROSS | APPELLANT | **Opinion Delivered:** February 12, 2020 |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-13-26] |
| ERIKA CROSS | APPELLEE | HONORABLE LYNN WILLIAMS, JUDGE |
| | | REVERSED AND REMANDED |

## MIKE MURPHY, Judge

Demontie Cross appeals the decision of the Garland County Circuit Court dismissing his motion to decrease his child-support obligation. The circuit court found that it lacked jurisdiction to hear Demontie's motion because a previous child-support order was pending before our court. We reverse and remand.

This is the second time these parties have been before this court regarding child support. In *Cross v. Cross*, 2019 Ark. App. 100, 572 S.W.3d 407, we considered arguments associated with a January 25, 2018 order that increased Demontie's child-support obligation and awarded the appellee, Erika Cross, retroactive support. There, Demontie argued that the circuit court lacked jurisdiction to enter the child-support award, or alternatively, the calculation of retroactive support was incorrect, and the amount of child support ordered was incorrect. While that case was pending with this court, on March 30, 2018, Demontie filed a new motion in the circuit court to reduce his child-support obligation, alleging that

he had taken a new job making significantly less money; thus, a material change in circumstances existed to warrant modifying his child-support obligation.

Erika responded and argued that because the appeal from the January 25, 2018 court order was still pending, the circuit court did not have jurisdiction to consider Demontie's new motion relating to child support. She argued that, in the alternative, the circuit court should hold the issue in abeyance until this court could rule on the pending appeal. On December 20, 2018, the circuit court entered an order dismissing Demontie's March 30, 2018 motion, finding that it "lacks jurisdiction to hear this matter due to the pending Arkansas Court of Appeals Case No. CV-18-370 and therefore dismisses without prejudice the Plaintiffs Motion to Modify Child Support at this time." Demontie timely appeals, and his sole argument on appeal is that the circuit court erred in dismissing his motion.

We review appeals from child-support orders de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *McDougal v. McDougal*, 2011 Ark. App. 13, at 5, 378 S.W.3d 813, 816. That said, the narrow issue before us today is a legal one, and on appeal we give no deference to a circuit court's conclusions of law. *Id.*

The order before us today was dismissed without prejudice. It is still, however, a final appealable order due to the significance of initial filing dates on child-support motions. Namely, if Demontie were to prevail on his March 30, 2018 motion, retroactive modification may be assessed from the time the petition for modification was filed. Ark. Code Ann. § 9-14-107(d) (Supp. 2019) ("Any modification of a child support order that is based on a change in gross income of the noncustodial parent shall be effective as of the date of filing a motion for increase or decrease in child support unless otherwise ordered by the court.").

An appeal may be taken from a final judgment or decree entered by the circuit court or from an order that, in effect, determines the action and prevents a judgment from which an appeal might be taken or discontinues the action. Ark. R. App. P.–Civ. 2(a)(1) & 2(a)(2). A final order is one that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Hankook Tire Co., Ltd v. Philpot*, 2016 Ark. App. 386, at 6, 499 S.W.3d 250, 253. Here, Demontie filed his motion to modify custody on March 30, 2018. It was dismissed nearly nine months later. During that time, Demontie would have accrued approximately $56,000 in child-support obligations. If he were to prevail on his motion, there is a chance that the circuit court could award him some credit retroactive to the filing date. Thus, even though the dismissal is styled as one without prejudice, Demontie's rights to the subject matter in controversy are concluded because he would not get any potential benefit from the filing date on the March motion with any new motion filed.

Citing *Gore v. Heartland Community Bank*, Erika argues that once a record is lodged in the appellate court, the circuit court loses jurisdiction to act further in a matter. 356 Ark. 665, 158 S.W.3d 123 (2004). She further argues that because a modification of child support requires proof of a material change in circumstances, it could not be considered when Demontie filed his March 2018 motion because the order he sought to modify was on appeal.

It is true that as a general rule, the circuit court loses jurisdiction over the parties and subject matter of a case once the record is lodged on appeal. *See id*. However, that rule is not invariably applied in support cases. In fact, a circuit court has continuing power to

enforce decrees for support or child custody, even if that decree is the subject of an appeal. *Goodin v. Goodin*, 240 Ark. 541, 542, 400 S.W.2d 665, 666–67 (1966).

Furthermore, the rule divesting the circuit court of jurisdiction while a case is on appeal applies only to matters necessarily or directly involved in the matter under review. *Nameloc, Inc. v. Jack, Lyon & Jones, P.A.*, 362 Ark. 175, 179, 208 S.W.3d 129, 132 (2005). It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. *Id.* Matters that are independent of, collateral to, or supplemental to those on appeal are left within the jurisdiction and control of the circuit court. *Id.*

Here, the issues raised in the first appeal (which related to service of the motion, the correct retroactive date, and whether Demontie was entitled to a downward deviation from the chart amount) all related to the circumstances as they existed when Erika filed her prior motion for modification. The issues raised in Demontie's March 2018 motion relate to the allegedly changed circumstances that existed when he filed his motion and is a matter supplemental to those on appeal. The circuit court had jurisdiction to hear Demontie's motion to modify his child-support obligation.

Reversed and remanded.

GRUBER, C.J., and ABRAMSON, J., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellant.

*Michael H. Crawford*, for appellee.

4