COLEMAN'S SERVICE CENTER, INC. *v.* SOUTHERN INNS MANAGEMENT, INC.; and Federal Deposit Insurance Corporation, as Receiver for Audubon Federal Savings & Loan Association of New Orleans, Louisiana

CA 92-998                                      866 S.W.2d 427

Court of Appeals of Arkansas
En Banc
Opinion delivered November 24, 1993
[Rehearing denied December 22, 1993.*]

*Mayfield, J., would grant rehearing. Pittman, J., not participating.

*Daggett, Van Dover & Donovan,* by: *Robert J. Donovan,* for appellant.

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.,* by: *James H. Penick III*, for appellee.

JOHN E. JENNINGS, Chief Judge. In 1984 D'Jer, Inc., an Arkansas corporation, borrowed 4.2 million dollars from Audubon Federal Savings and Loan Association, a Louisiana institution, to build a truck stop at Brinkley, Arkansas. The note was secured by a deed of trust. D'Jer leased the "convenience store" part of the project to the appellant, Coleman's Service Center, Inc., also an Arkansas corporation. D'Jer defaulted on the note, the project was refinanced, and the real property was conveyed and reconveyed several times.

In 1986 Audubon Savings and Loan failed, and the Federal Deposit Insurance Corporation (as receiver for Audubon and successor to the FSLIC) sued in federal district court to foreclose the deed of trust for nonpayment on the note. Coleman's was made a party to that action.

The United States District Court for the Eastern District of Arkansas appointed the appellee, Southern Inns Management, Inc., as the receiver for the project property. In that capacity Southern Inns then dismissed its cause of action against Coleman's in federal court and filed an action for a writ of possession in Mon-

roe County Circuit Court, based on Coleman's alleged nonpayment of rent.

On February 13, 1991, the circuit court entered a "judgment" directing the clerk of the court to issue a writ of possession. The order recites "that plaintiffs have presented prima facie evidence that they are entitled to judgment against defendant in the amount of $143,240.90 with interest . . . ."

On March 22, 1991, Coleman's filed a counterclaim against Southern Inns and the FDIC, and a third-party complaint against Don Dedman, alleging that the counter-defendants and cross-defendant took possession of Coleman's property "without justification or adequate basis." The pleading alleged both breach of contract and slander.

On January 23, 1992, the circuit court dismissed Coleman's counterclaim and third-party complaint based upon lack of subject matter jurisdiction under Ark. R. Civ. Pro. 12(b)(1).[1]

On February 7, 1992, the court entered an order pursuant to Rule 54(b) of the Rules of Civil Procedure finding "that it would be highly prejudicial for the plaintiff [Southern Inns and the FDIC] to proceed to trial and obtain judgment against Coleman's Service Center, Inc. on its cause of action without first having a final adjudication of said Coleman's Service Center, Inc.'s right to assert its counterclaim and third-party complaint." Based on that finding, the court directed "that final judgment be entered as to the counterclaims and third-party complaint of Coleman's Service Center, Inc. as amended pursuant to the above mentioned express determinations by the court."

On February 14, 1992, Coleman's filed a notice of appeal reciting that "it appeals all orders and judgments entered herein." Coleman's subsequently retained its present counsel.

Coleman's now raises four "points to be relied upon" which follow verbatim: 1) This court has no jurisdiction of the subject matter of this case since the dismissal of the issues relating to the D'Jer-Coleman lease from the federal case does not permit

---

[1] Neither the correctness of the circuit court's decision to dismiss nor of its stated basis are issues raised on this appeal.

refiling of these issues in the state court; 2) The trial court erred in refusing to set aside the judgment rendered in favor of the plaintiffs against the defendants at the September 12, 1991 hearing; 3) The "restructuring" of the original indebtedness to FDIC by Audubon was a novation, an entirely new obligation between different parties; 4) The order of the court finding that the supersedeas bond proffered by defendant Coleman's was not timely filed and did not otherwise comply with the statute is clearly erroneous.

■ We note at the outset the appellees' argument that the trial court erred in permitting the appellant to take an interlocutory appeal under Rule 54(b). The trial judge expressly relied on *Austin* v. *First National Bank*, 305 Ark. 456, 808 S.W.2d 773 (1991). The subsequent decision by the supreme court in *Fisher* v. *Citizens Bank*, 307 Ark. 258, 819 S.W.2d 8 (1991), seems to take a more restrictive approach. In *Fisher* the court said:

> [M]erely tracking language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is likelihood of hardship or injustice which would be alleviated by an immediate appeal rather than at the conclusion of the case. Those essential findings, and the facts which undergird them, are wholly lacking in this order. The rule is not intended to create an avenue for two stages of review simply by citing Rule 54(b). It is intended to permit review before the entire case is concluded, but only in those *exceptional* situations where a compelling, discernible hardship will be alleviated by an appeal at an intermediate stage.

Even so, we cannot say in the case at bar that the trial court's findings are clearly wrong. We therefore conclude that we are not without jurisdiction to hear the appeal.

■ Whether the issues raised by the appellant are within the scope of the appeal is a different matter. The appellee contends that they are not, and we agree. Under Ark. Code Ann. § 18-60-307 (Supp. 1991), an action for unlawful detainer is a two-step process. The statute contemplates that the right to possession will be preliminarily determined and, if appropriate, a writ of possession issued, but that the question of damages will be

left for a subsequent hearing. The statute expressly provides that an order directing the issuance of a writ of possession shall not be a "final adjudication of the parties' rights in the action." Ark. Code Ann. § 18-60-307(d)(1). In the case at bar, the parties are in the middle of the primary lawsuit. While the circuit court has directed the issuance of a writ of possession, its orders clearly contemplate a further hearing on the question of damages. A money judgment has not yet been entered.

■ The first sentence of Rule 54(b) states: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." This, of course, is what the circuit court did in the case at bar — it directed the entry of final judgment as to the dismissal of appellant's counterclaim and third-party complaint, in order to permit Coleman's to appeal that dismissal. The issues Coleman's raises, however, are totally unrelated to the interlocutory order that it has been permitted to appeal. All of the issues raised relate to the primary cause of action, the suit for unlawful detainer, which is still pending in the circuit court. In the language of Rule 54(b) no "final judgment as to" this "claim" has been entered by the trial judge. Our view is that when the trial court permits an interlocutory appeal under Rule 54(b) the issues raised must be reasonably related to the order or orders appealed from. A Rule 54(b) order may not be used as a vehicle to bring up for review matters which are still pending before the trial court.

Because there is no contention that the trial court erred in dismissing the appellant's counterclaim and third-party complaint, the decision of the trial court is affirmed.

Affirmed.

MAYFIELD, J., dissents.

PITTMAN, J., not participating.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority opinion in this case because it does not decide the issues presented by the appellant. Without reciting all the history of the litigation, the background pertinent to the issues presented by this appeal can be briefly stated.

In February of 1990, the Federal Deposit Insurance Corporation (FDIC), as receiver of a failed savings and loan company, filed suit in United States District Court seeking foreclosure of a mortgage on certain property in Monroe County, Arkansas. The appellant, Coleman's Service Center, Inc., was operating a truck stop on the property under a lease with the mortgagor, and appellant was made a party to the foreclosure suit. Subsequently, appellee FDIC and appellee Southern Inns Management, Inc., who had been appointed receiver of the property by the federal court, dismissed their federal court suit against Coleman's and filed the present case in Monroe County Circuit Court. This suit was based on breach of contract and sought damages and possession of the property.

The case in state court was set for hearing on February 12, 1991, but Coleman's and its attorney failed to appear at 9:00 a.m. The court proceeded in their absence and entered an order finding appellees entitled to possession of the property and money damages. Coleman's filed a motion to set aside this order, but the motion was denied.

In March of 1991, Coleman's filed a counterclaim against FDIC and Southern based upon breach of contract and slander. This claim was dismissed in January of 1992 on the finding of the state court that it did not have subject matter jurisdiction to hear it. (A third party complaint was also dismissed.)

On February 7, 1992, the state court entered an order pursuant to Ark. R. Civ. P. 54(b). The order makes the following pertinent findings:

> The court notes that there is related litigation pending between these parties in the United States District Court and the court further notes that Coleman's Service Center, Inc. has indicated that it will appeal the United States District Court's decision to the Eighth Circuit Court of Appeals.

The court further observes that the plaintiffs' claim against the defendant is reset for pretrial on April 3, 1992 by order filed January 23, 1992.

The court finds that it would be highly prejudicial for the plaintiff to proceed to trial and obtain judgment against Coleman's Service Center, Inc. on its cause of action without first having a final adjudication of said Coleman's Service Center, Inc.'s right to assert its counterclaim and third party complaint.

The court therefore determines that there is no just reason for the delay and the court further expressly directs entry of final judgment at this time pursuant to Rule 54(b).

On February 7, 1992, Coleman's filed a notice of appeal specifically stating that it "appeals all orders and judgments entered herein." In its brief to this court, appellant makes four arguments.

The first argument contends that the state court did not have jurisdiction to grant possession of the property to the appellees or to award appellees damages based upon a breach of contract involving the possession of said property. Coleman's argument on this point is based on the contention that the appellees dismissed part of the issues in federal court pertaining to Coleman's lease and filed those claims again in state court. Coleman's argument is that this "is a clear violation of a long established rule in Arkansas that prohibits the splitting of causes of action." Citing *Lisenby* v. *Farm Bureau Mutual Ins. Co.*, 245 Ark. 145, 431 S.W.2d 484 (1968), and *Eiermann* v. *Beck*, 221 Ark. 138, 252 S.W.2d 388 (1952), as well as other authorities, the appellant says that the appellees' suit in federal court originally included allegations sufficient to involve all security for the mortgage, but appellees dismissed Coleman's interest in the collateral from that suit and brought suit in state court for possession of that portion of the collateral. This, it is argued, violated the rule against splitting causes of action and, under the authorities cited, the state court did not have jurisdiction over this "split" cause of action.

I do not discuss the merits of the above point but only call attention to the fact that the majority does not decide this point. The majority simply says that the trial court did not err in "dis-

missing the appellant's counterclaim." The majority takes the position that subject matter jurisdiction, as argued under Coleman's first point, is not before this court on appeal. The majority concedes that the trial court's findings were sufficient to permit it to "direct the entry of a final judgment as to one or more but fewer than all the claims," as authorized by Ark. R. Civ. P. 54(b). But the majority says that the trial court "directed the entry of final judgment as to the dismissal of appellant's counterclaim and third party complaint, in order to permit Coleman's to appeal that dismissal" and that the issues Coleman's raises on appeal "are totally unrelated to the interlocutory order that it has been permitted to appeal."

In all due respect, I find this statement hard to understand. Coleman's counterclaim, and amendments thereto, filed against the appellees alleged that appellees wrongfully breached the lease agreement under which Coleman's operated the truck stop. The trial court dismissed the counterclaim and directed its entry as a final order, which could be appealed under Ark. R. Civ. P. 54(b), because "it would be highly prejudicial for the plaintiff [appellees] to proceed to trial and obtain judgment against [Coleman's] . . . without first having a final adjudication of said [Coleman's] right to assert its counterclaim and third party complaint."

Thus, it seems clear to me that Coleman's first point, which argues that the appellees could not split their cause of action and sue for possession in state court, is a proper point to argue in this case in which a final order has been entered pursuant to Rule 54(b). This issue would clearly have some effect on Coleman's counterclaim.

Coleman's second point on appeal is likewise properly before this court. This point argues that the trial court erred in refusing to set aside the order finding appellees entitled to possession and damages because Coleman's was not in court in person or by counsel at 9:00 a.m. on February 12, 1991. Appellant filed a motion, with an affidavit, to set that order aside. Again, without discussing the merits of the argument, I dissent because the majority does not decide whether the motion should have been granted.

The third and four points argued by the appellant are set out in the majority opinion. Without extending this discussion, I would

only call attention to the fact that neither of these two points is decided by the majority.

Without citation of authority, the majority opinion is based on the assumption that the judgment which a court makes "final" under the authority of Ark. R. Civ. P. 54(b) must be "reasonably related" to the order that is questioned on appeal. While it may be possible to think of a factual situation where there would be no reasonable relationship, I do not agree that this should be a rule or restriction announced by this court. But, in any event, the concept is not applicable in this case. Here, as the majority opinion points out, the trial court has directed the issuance of a writ of possession. No money judgment has yet been entered; further hearings are contemplated; and, as the trial court noted, a pretrial has been set. The order dismissed the appellant's counterclaim because of lack of subject matter jurisdiction. The trial court directed that this is a final judgment, and one of the reasons this is allowed by Rule 54(b) will be defeated if we simply affirm the dismissal of the counterclaim and do not decide the points argued by the appellant in this appeal.

The problem in this case is not that the points argued on appeal are unrelated to the order that dismissed the appellant's counterclaim but that the appellant does not argue that the court erred in dismissing the counterclaim. Our Rule 54(b) is taken word-for-word from Rule 54(b) of the Federal Rules of Civil Procedure. In *Curtiss-Wright Corporation* v. *General Electric Company*, 446 U.S. 1 (1980), the Court discussed the application of Federal Civil Procedure Rule 54(b) and said that one of the considerations involved was "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." 446 U.S. at 8. Here, the trial court properly directed that the order dismissing the appellant's counterclaim be entered as a final judgment. Regardless of whether the dismissal is argued as error in this appeal, the points that are argued by appellant are related to the dismissal of the counterclaim, and if they are decided in this appeal they will not have to be decided in another appeal.

I dissent because the majority opinion affirms the dismissal of the counterclaim, thus treating it as a final order, but refuses to decide the other issues presented in this appeal.