Floyd H. FULKERSON *v.* Waymon L. CALHOUN and
Pauline Lindsey Davis Watson

CA 96-1074                                         946 S.W.2d 714

Court of Appeals of Arkansas
Division III
Opinion delivered June 11, 1997

*Wright & Bonds,* by: *Edward L. Wright,* for appellant.

*Steven D. Durand,* for appellees.

TERRY CRABTREE, Judge. Appellant Floyd Fulkerson leased farmland along an oxbow lake on the Arkansas River, described as Willow Beach Island, from appellees Waymon Calhoun and Pauline Watson from roughly 1946 to 1992. In 1973, appellant acquired a deed to property bounding the lease held, known as the Bryson Place, purporting to convey the southern half of section 18, which encompasses the southeastern quarter of Willow Beach Island. In 1992, appellant acquired a deed from the Commissioner of State Lands purporting to convey the northern half of section 18, encompassing the northeastern quarter of the island. This deed was based on an erroneous certification from the Pulaski County Assessor declaring the land tax delinquent. Less than three months later (in violation of the deed confirmation requirements of Ark. Code Ann. § 18-60-607 (1987)), appellant presented the deed from the Land Commissioner to the chancery court seeking to quiet title in the parcel, without naming appellees as interested parties.

Appellant then instituted the present action to quiet title in Willow Beach Island, alleging title in fee simple to the south half of section 18, partly encompassing Willow Beach Island, and naming appellees as interested parties. Appellees counterclaimed to quiet title in Willow Beach Island and to declare the Commissioner's deed invalid.

The chancellor ruled in favor of appellees, citing the erroneous certification of the tax delinquency of the disputed land that was the basis for the Commissioner's deed, the lack of notice and premature confirmation of the Commissioner's deed in chancery court, the appellant's actual notice of appellees' conflicting claims to the property, and appellees' survey and expert testimony estab-

lishing ownership in appellees of all of Willow Beach Island by metes and bounds.

Appellant brings this appeal challenging the chancellor's decree invalidating appellant's deeds and quieting title in appellees.

While both parties to this appeal discussed at length the law of accretions and reliction, we find that neither principle of water law is necessary to an understanding of the chancellor's decree or relevant to the issues appealed. Further, appellant's failure to follow the rules on abstracting the relevant portions of the record prevents us from engaging in a meaningful review of the issues raised on appeal and requires us to affirm for noncompliance with the rule.

Arkansas Supreme Court Rule 4-2(a)(6) discusses what a litigant must present to the court for successful consideration of an appeal. In pertinent part, the rule reads:

> The appellant's abstract or abridgment of the record should consist of an impartial condensation, without comment or emphasis, of only such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision. *A document, such as a will or contract, may be photocopied and attached as an exhibit to the abstract. However, the document or the necessary portions of the document must be abstracted. Mere notation such as "plaintiff's exhibit no. 4" is not sufficient.* On a second or subsequent appeal, the abstract shall include a condensation of all pertinent portions of the record filed on any prior appeal. Not more than two pages of the record shall in any instance be abstracted without a page reference to the record. In the abstracting of testimony, the first person (i.e., "I") rather than the third person (i.e., "He, She") shall be used. The Clerk will refuse to accept a brief if the testimony is not abstracted in the first person or if the abstract does not contain the required references to the record. In the abstracting of depositions taken on interrogatories, requests for admissions, and the responses thereto, and interrogatories to parties and the responses thereto, the abstract of each answer must immediately follow the abstract of the question. *Whenever a map, plat, photograph, or other similar exhibit, which cannot be abstracted in words, must be examined for a clear understanding of the testimony, the appellant shall reproduce the exhibit by photography or other process and*

> *attach it to the copies of the abstract filed in the Court and served upon the opposing counsel,* unless this requirement is shown to be impracticable and is waived by the Court upon motion.

Ark. R. Sup. Ct. 4-2(a)(6) (Emphasis added.)

In this deed dispute, the chancellor's decision and the arguments of both appellant and appellees are fraught with references to plats, sections, deeds, leases, accretions, metes and bounds, surveys, and maps. It is readily apparent that these supporting documents are the basis for the appellant's claims, appellees' counterclaim, and the chancellor's ruling. However, appellant failed to abstract or photocopy and attach in exhibit form the necessary documents. Without an abstract of these supporting documents, it is impossible for this court to engage in a meaningful review of the merits of the appeal. In a complex and contentious dispute challenging the validity of deeds, an abstract of only the complaint, counterclaim, decree, and limited testimony is flagrantly deficient when considered against all the underlying documents necessary to a full understanding of the issues that are absent from the abstract.

When an exhibit is necessary to an understanding of the testimony about an issue, but is not included in the abstract, the issue is summarily affirmed. *Carton v. Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). Here, the unabstracted results of competing surveys and maps derived from those surveys are essential to an understanding of the testimony.

Further, where the crucial document necessary for an understanding of one argument was not abstracted, the supreme court held that it amounted to a gross violation of the rule. *Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993). In the present case, the disputed deeds are not even abstracted or attached in exhibit form for the court to consider.

Finally, where the appellant has failed to abstract exhibits to his complaint, the supreme court has affirmed for noncompliance with the rule. *Chrysler Credit Corp. v. Scanlon*, 319 Ark. 758, 894 S.W.2d 885 (1995). Appellant's complaint in the present case was accompanied by an unabstracted exhibit, and appellee's counterclaim included several unabstracted exhibits. Read with-

out these supporting documents, both pleadings are rendered largely meaningless to the court on appeal. Based on these flagrant deficiencies and pursuant to Ark. R. Sup. Ct. 4-2(b)(2), we affirm for noncompliance with the Rule.

■ However, based on the limited information in the abstract, we would also affirm the chancellor's decision on the merits. First, the chancellor heard expert testimony regarding the metes and bounds descriptions of the appellees' estates occupying the entire Willow Beach Island. Further, appellant's longstanding lease of the disputed property and his admission to the U.S. Agricultural Soil Conservation Service of ownership of the island in appellees for crop subsidy purposes makes a subsequent claim of ownership in the disputed land a far-fetched proposition. Also, appellees' chain of title, based on what little information was properly before this court to review, was far superior to appellant's questionable claims based on subsequently voided deeds. Finally, the defects in the tax deed secured from the Commissioner of State Lands are fatal to any claim appellant had to the disputed land. Specifically, the fact that the parcel was erroneously certified as tax delinquent by the county assessor and the fact that the deed-confirmation proceeding before the chancery court took place without notice to appellees and before the statutorily prescribed two-year period for the right of redemption for tax deeds, see Ark. Code Ann. § 18-60-607 (1987), both cast grave doubt on the validity of appellant's deed and support the chancellor's judgment for appellees.

Based on these facts adduced from the briefs and oral arguments, we would affirm this case on the merits even if the flagrantly deficient abstract did not require us to affirm for noncompliance with Rule 4-2.

Affirmed.

PITTMAN and MEADS, JJ., agree.