Mattie ALLISON *v.* Alvin LONG and Shirley Long, Husband
& Wife; the Unknown Heirs at Law of Grant Long, Jr.,
Deceased; the Unknown Heirs at Law of Jo Ann Long,
Deceased; John A. Eason; Ruby J. Eason; and Any Other
Person Who Might Claim An Interest

98-126                                                  985 S.W.2d 314

Supreme Court of Arkansas
Opinion delivered February 18, 1999

*Robert l. Depper, Jr.*, for appellant.

*Daggett, Van Dover, Donovan & Perry, PLLC*, by: *J. Shane
Baker*, for appellees Alvin and Shirley Long.

L AVENSKI R. SMITH, Justice. Appellant, Mattie Allison, appeals the Lee County Chancery Court's judgment quieting title to three parcels of real property in favor of Alvin and Shirley Long, appellees. The Court of Appeals certified this case pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (5). Appellant assigns three errors to the court below. We disagree and affirm.

The first and principal alleged error is the trial court's denial of appellant's motion to dismiss counterclaim. Appellant filed this action on March 4, 1996. Appellees responded by separate answer on March 26, 1996, accompanied by initial discovery requests to appellant. After receipt of appellant's discovery responses, appellees filed a counterclaim on August 5, 1996, that stated with particularity appellees' position regarding title to the subject real property. Three days later, appellant answered the counterclaim and simultaneously filed a motion to dismiss counterclaim. Appellant's only stated basis for dismissal was that as a compulsory counterclaim it must, therefore, have been "raised on the date the counterplaintiffs filed their answer." The trial court first addressed the motion to dismiss on December 5, 1996, at the beginning of the hearing below. The court took the motion under advisement and proceeded to hear the matter on the merits. On July 28, 1997, the court issued its letter opinion denying appellant's dismissal motion and quieting title to the subject real property in appellees. The trial court found no prejudice to appellant in permitting the supplemental pleading and entered its judgment to that effect on October 29, 1997.

On appeal, Allison restates her argument below that the compulsory nature of appellees' counterclaim made it mandatory that it be filed in appellees' original answer citing Ark. R. Civ. P. 13(a). Appellant attempts to support this argument by citing four cases that reflect the policy rationale for compulsory counterclaims; *McJunkins v. Lemons*, 52 Ark. App.1, 913 S.W.2d 306 (1996), *citing In re: Estate of Goston v. Ford Motor Co.*, 320 Ark. 699, 705-706, 898 S.W.2d 471 (1995); *Bankston v. McKenzie*, 288 Ark. 65, 67, 702 S.W.2d 14 (1986); *Golden Host Westchase, Inc. v. First Service Corp.*, 29 Ark.App. 107, 117, 778 S.W.2d 633 (1989).

However, none of the cited cases support appellant's contention. Instead, these cases illustrate the true policy purpose for compulsory claims, i.e. avoidance of multiple lawsuits on the same facts with the same parties. Appellant argues that a compulsory counterclaim must be filed with the answer or the party loses the right to plead it. Appellant misapprehends the 'compulsory' nature of a Rule 13(a) claim. It is compulsory in the sense that it must be raised within the pending action, not that it must necessarily be raised within the defendant's answer.

■ Appellant's argument also ignores the plain provision of Rule 13(e) which enables a pleader to assert his counterclaim by amended or supplemental pleading subject to the requirements of Rule 15. Rule 15(a) states in pertinent part "[w]ith the exception of pleading the defense mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding." In the instant case, appellees amended their answer by supplemental pleading to assert a counterclaim. Such an amendment our rules manifestly permit. Appellant objected to that amendment but made no showing of prejudice or delay. Clearly, the chancellor ruled correctly in denying appellant's motion to dismiss.

■ Appellant's other two assignments of error will not be addressed by this court due to the inadequacy of appellant's abstract. *Morse v. Sentry Life Ins. Co.*, 332 Ark. 605, 967 S.W.2d 557 (1998). Appellant contends that the trial court should have tolled the prescriptive period for adverse possession because of a bankruptcy proceeding. He also asserts that the trial court misapplied the law of adverse possession to the facts of the instant case. Yet, appellant failed to abstract the court's letter opinion which outlined the factual and legal basis for the court's actions. Appellant did not abstract any bankruptcy orders relevant to this case. Appellant did abstract the judgment but condensed it to an

unhelpful one paragraph summary referring to the unabstracted letter opinion. *Nat'l Enterprises, Inc. v. Rea*, 329 Ark. 332, 947 S.W.2d 378 (1997). Moreover, appellant failed to abstract the necessary real property records and documents needed to review a case where title to the property is at issue. *Fulkerson v. Calhoun*, 58 Ark.App. 63, 946 S.W.2d 714 (1997). As we have stated, when an abstract is flagrantly deficient, we will affirm the judgment or decree of the trial court. *Hooker v. Farm Plan Corp.*, 331 Ark. 418, 962 S.W.2d 353 (1998).

Affirmed.