NAMELOC, INC. *v.* JACK, LYON & JONES, P.A.

04-1018                                             208 S.W.3d 129

Supreme Court of Arkansas
Opinion delivered May 5, 2005

[Rehearing denied June 9, 2005.*]

---

* IMBER, J., not participating.

176

*John W. Walker, P.A.,* by: *John W. Walker;* and *Cullen & Co., PLLC,* by: *Tim Cullen,* for appellants.

*Jack, Lyon & Jones, P.A.,* by: *John W. Fink,* for appellees.

JIM HANNAH, Chief Justice. Nameloc, Inc., and Loretta Lever House appeal a judgment of the Pulaski County Circuit Court asserting that the circuit court lacked subject matter jurisdiction and that the court further erred in striking Nameloc's counterclaim and in its denial of a motion to file a counterclaim. Cross-appellants Jack, Lyon & Jones (Jack and Tyler) asserts that the circuit court erred in failing to grant prejudgment and postjudgment interest. We find no error and affirm. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(7).

*Facts*

Appellant House is the only shareholder of appellant Nameloc, Inc. In 2002, Nameloc agreed to sell radio station KYKX to ABC and engaged attorney Edgar Tyler to handle the formalities of the sale. In March 2002, Nameloc and ABC entered into an asset purchase and sale agreement regarding KYKX. A dispute arose, and Nameloc engaged appellee Jack to represent it in litigation in federal court that was intended to thwart the sale to ABC. *See ABC, Inc. v. Nameloc, Inc.*, 362 F.3d 449 (8th Cir. 2004); *ABC, Inc. v. Nameloc, Inc.*, 403 F. 3d 607 (8th Cir. Mar. 18, 2005).

According to Jack, the matter in federal court was brought to a close when ownership of KYKX was transferred to ABC pursuant to a federal district court order. Jack asserts that by the time KYKX was transferred, Nameloc was "seriously delinquent" in paying Jack its fees. It is not clear if any discussions about delinquent fees took place prior to the transfer.

Nameloc asserts that Jack filed a lien in federal court on the sale proceeds from ABC seeking to satisfy its attorneys' fees, but the lien was rejected by the district court. By a letter delivered by fax and hand delivery dated July 15, 2003, Jack informed Nameloc and House that the overdue billing must be paid by July 17, 2003. On July 18, 2003, Jack filed a motion in federal district court to be relieved as counsel for Nameloc and House and filed a complaint on the fees in circuit court. The complaint sought a judgment on behalf of Jack in the amount of $205,361.71 and a judgment on behalf of Tyler in the amount of $36,442.95.

This case was initially set for trial in circuit court on November 5, 2003; however, due to several continuances, trial commenced on June 22, 2004. Thirty-three minutes before trial was to begin, Nameloc filed a counterclaim sounding in malpractice. Jack moved orally to strike the counterclaim, and the motion was granted. Trial went forward that day; however, it could not be

completed on June 22 and was continued. It was finally set to recommence on October 25, 2004. In the meantime, on July 6, 2004, Nameloc filed a motion for leave to file a counterclaim, which was denied. On July 14, 2004, Nameloc filed a notice of appeal under Ark. R. App. P. — Civ. 2(a)(4) of the order striking the counterclaim.

On October 18, 2004, Nameloc filed a petition for a writ of prohibition in this court alleging that a "central, essential issue" was "necessarily and directly involved in the matter under review." On that basis, Nameloc alleged that the pending appeal deprived the circuit court of jurisdiction to try the remainder of the case. This court denied the petition without prejudice on October 21, 2004. Trial went forward on October 25, 2004, with the circuit court sitting without a jury, finding for Jack and Tyler. On November 1, 2004, a judgment was entered awarding $134,000 and $24,600 to Jack and Tyler, respectively. No interest was awarded. On November 12, 2004, Nameloc filed a notice of appeal on the November 1, 2004, judgment.

### Subject Matter Jurisdiction

■■ Nameloc argues that when it filed the record on the first appeal on September 29, 2004, the circuit court was deprived of jurisdiction to hear the case further, and, therefore, the second day of trial and final decision of the circuit court are a nullity. The first notice of appeal filed July 14, 2004, only sought review of the order "striking defendant's counterclaim." In *Bleidt v. 555, Inc.*, 253 Ark. 348, 485 S.W.2d 721, 723 (1972), we stated:

> The rule that an appeal divests the trial court of jurisdiction applies only to matters necessarily or directly involved in the matter under review. It does not stay further proceedings with respect to rights not passed on or affected by the judgment or decree from which the appeal is taken. Matters which are independent of, or collateral or supplemental, are left within the jurisdiction and control of the trial court.

*Bleidt*, 253 Ark. at 350-51, (quoted in *Fewell & Holdings Co. v. Pickens*, 346 Ark. 246, 257, 57 S.W.3d 144 (2001); *Vanderpool v. Fidelity & Cas. & Ins. Co.*, 327 Ark. 407, 412, 939 S.W.2d 280 (1997); *Sherman v. State*, 326 Ark. 153, 158, 931 S.W.2d 417 (1996)). The circuit court certainly could not again entertain the issue of striking the counterclaim after the record was lodged; however, the fees sought by Jack were not necessarily nor directly involved in the matter on review.

The allegations of malpractice contained in the counterclaim were independent of or collateral to the issue of fees. There was no error in continuing with trial.

### Timeliness of the Counterclaim

Nameloc cites *Jones v. Double "D" Properties, Inc.,* 352 Ark. 39, 98 S.W.3d 405 (2003), and *Allison v. Long,* 336 Ark. 432, 985 S.W. 2d 314 (1999), for the proposition that a compulsory counterclaim need only be filed sometime during the pendency of the action. Based on the language from *Allison* and *Jones,* Nameloc asserts that there was nothing wrong in filing the counterclaim just before trial started.

In *Jones,* a counterclaim was not filed until after a decision was rendered. This court stated that the counterclaim "should have been brought before or during the trial of this matter." *Jones,* 352 Ark. at 52. In *Allison,* the appellee filed an answer March 26, 1996, and filed a compulsory counterclaim August 5, 1996, apparently after receiving discovery responses that justified filing the counterclaim. A hearing was held in December 1996, and the court considered a motion to dismiss the counterclaim for failure to assert the claim in the answer. We stated that a counterclaim is "compulsory in the sense that it must be brought within the pending action, not that it must necessarily be raised within the defendant's answer." *Allison,* 336 Ark. at 434.

Neither the holding in *Allison* nor the holding in *Jones* is determinative of the issue before us. Arkansas Rule of Civil Procedure 13(a) requires that "[a] pleading shall state as a counterclaim any claim which, at the time of filing the pleading, the pleader has against any opposing party. . . ." Nameloc has presented nothing to show that it did not know of the alleged malpractice at the time it filed its answer. The facts show that Nameloc was aware of its potential cause of action against Jack at that time. It thus appears that Nameloc omitted the counterclaim from its answer.

However, Ark. R. Civ. P. 13(e) provides that an omitted counterclaim may be stated by amended or supplemental pleading subject to Ark. R. Civ. P. 15. The reporter's note 5 to Rule 13 states that Ark. R. Civ. P. 13(e) "follows superceded Ark. Stat. Ann. § 27-1160 (Supp. 1975), by permitting a counterclaim to be asserted by amended pleading as any other amendment,

subject to the conditions of Rule 15." Arkansas Rule of Civil Procedure 15(a) provides in part:

> With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.

Nameloc filed its omitted counterclaim on the morning of trial. Jack opposed the counterclaim on the morning of trial by an oral motion to strike the counterclaim. The circuit court granted the motion by Jack, finding the counterclaim improper and untimely at that point.

The standard of review on accepting or rejecting pleadings is abuse of discretion. *Davenport v. Lee*, 348 Ark. 148, 72 S.W. 3d 85 (2002). We note that Nameloc waited until the day of trial to file its omitted counterclaim even though it had previously filed pleadings and knew at the time of filing those pleadings that it had a claim against Jack. Where a counterclaim is brought thirty minutes before trial is to commence, the likelihood of prejudice is high. The complaint that was to be tried that day asserted that Nameloc had failed to pay fees due. The counterclaim alleged that Jack was negligent in providing legal services. There is nothing to show that Jack was prepared to defend on the malpractice claim on the morning of trial. The written motion filed a few days later did not alter the tardiness of the attempt to amend the pleadings.

Nameloc attempted to file an omitted counterclaim, and Jack brought the required motion opposing it, claiming the counterclaim was untimely and prejudicial. The circuit court properly complied with the requirements of Ark. R. Civ. P. 13 and Ark. R. Civ. P. 15 in considering both the issue of the attempted filing of the counterclaim and the issue of the motion for leave to file the counterclaim. There was no abuse of discretion.

As an additional basis for our decision, we note that a court has the inherent power to maintain an orderly administration of justice. *See Johnson v. Johnson*, 343 Ark. 186, 33 S.W.3d 492

(2000); *Clements v. State*, 306 Ark. 596, 817 S.W.2d 194 (1991). The trial court has a duty to maintain order in the proceedings. *See Berry v. St. Paul Fire & St. Marine Ins. Co.*, 328 Ark. 553, 944 S.W.2d 838 (1997). Certainly the filing of a counterclaim on the day of trial affects the orderliness of the proceedings and the administration of justice.

### Prejudgment and Postjudgment Interest

Jack asserts that the circuit court inadvertently erred in failing to address the issues of prejudgment and postjudgment interest. Both prejudgment and postjudgment interest were prayed for in the complaint. However, Jack obtained no ruling on the issues. The failure to obtain a ruling is a procedural bar to consideration of the issue on appeal. *Finagin v. Arkansas Dev. Fin. Auth.*, 355 Ark. 440, 139 S.W.3d 767 (2003).

Affirmed.

IMBER, J., not participating.