Cite as 2023 Ark. App. 301

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-166

| | |
|---|---|
| JOHN WESLEY HALL JR. AND ALISON HALL, HUSBAND AND WIFE<br><br>APPELLANTS<br><br>V.<br><br>ARKANSAS STATE HIGHWAY COMMISSION<br><br>APPELLEE | Opinion Delivered May 24, 2023<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. 12CV-11-190]<br><br>HONORABLE HOLLY MEYER, JUDGE<br><br>REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Judge**

Appellants John Wesley Hall Jr. and Alison Hall bring this appeal from the order of the Cleburne County Circuit Court dismissing with prejudice their counterclaim against the Arkansas State Highway Commission. We previously remanded this appeal for supplementation of the record. *See Hall v. Ark. State Highway Comm'n*, 2023 Ark. App. 152. Appellants have now supplemented the record, and we reverse and remand.

In 2011, the Commission filed an eminent-domain action against appellants seeking title to 0.16 acres of property in Cleburne County. The case was eventually set for trial in November 2021. On October 13, 2021, appellants filed a counterclaim for declaratory judgment, seeking a declaration of their rights to an implied easement of pedestrian ingress and egress over property south of the condemned 0.16 acres. The Commission filed a

motion to dismiss the counterclaim alleging, in part, that the counterclaim was time-barred pursuant to Arkansas Rule of Civil Procedure 12(a)(1) due to appellants' failure to plead the claim within thirty days after service of the summons. On October 25, 2021, the circuit court entered an order dismissing the counterclaim with prejudice upon finding it untimely under Rule 12(a)(1).

Appellants filed a motion for reconsideration arguing that the filing was not untimely because their counterclaim was permissive and was based on facts that arose in 2021, ten years after the filing of the eminent-domain action. Appellants alternatively argued that the court should modify its order of dismissal to a dismissal without prejudice. At a hearing on their motion to reconsider, appellants argued that it was not their intent for the counterclaim to be heard at the upcoming eminent-domain trial and that it was essentially a separate issue that could be tried later. The circuit court denied the motion for reconsideration. A jury trial was held on the Commission's complaint to determine the amount of just compensation to be awarded to appellants for the taking of their property. Appellants were awarded judgment of $35,675 plus interest. Appellants now appeal from the court's orders dismissing their counterclaim and denying their motion for reconsideration.

The standard of review on accepting or rejecting pleadings is abuse of discretion. *Nameloc, Inc. v. Jack, Lyon & Jones, P.A.*, 362 Ark. 175, 208 S.W.3d 129 (2005). Appellants argue that their counterclaim was a permissive counterclaim that was timely and properly brought pursuant to Rules 13 and 15 of the Arkansas Rules of Civil Procedure. Contrary to the Commission's claim that the counterclaim matured as early as 1975, appellants argue

2

that the counterclaim matured in 2021, and they could not foresee the need to file the counterclaim in 2011 when they filed their answer. Appellants argue that the Commission never complained of any delay, and there was no intent to delay the eminent-domain trial.

When a pleader fails to assert a counterclaim, he shall be entitled to assert such counterclaim by amended or supplemental pleading subject to the requirements and conditions of Rule 15. Ark. R. Civ. P. 13(e). A claim that either matured or was acquired by the pleader after filing his pleading shall be presented as a counterclaim by supplemental pleading, provided that if such counterclaim matures or is acquired after all issues are joined, it may be asserted by the pleader in a separate action. Ark. R. Civ. P. 13(d). With the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Ark. R. Civ. P. 15(a). A party may at any time without leave of court file a supplemental pleading setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented. Ark. R. Civ. P. 15(d). Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment or a supplemental pleading, the court may strike such amended pleading or grant a continuance of the proceeding. Ark. R. Civ. P. 15(a), (d).

Here, the circuit court did not find that prejudice or undue delay would result from the filing of the counterclaim. Instead, it found that the counterclaim was "untimely under Ark. R. Civ. P. 12(a)(1)." Rule 12(a)(1) provides as follows:

> A defendant shall file his or her answer within 30 days after the service of summons and complaint upon him or her. A defendant served by warning order under Rule 4(g)(3) or (4) shall file an answer within 30 days from the date of first publication or posting of the warning order. A defendant incarcerated in any jail, penitentiary, or other correctional facility in this state shall file an answer within 60 days after service. A party served with a pleading stating a cross-claim or counterclaim against him or her shall file an answer or reply thereto within 30 days after service upon the party. The court may, upon motion of a party, extend the time for filing any responsive pleading.

Accordingly, the court apparently agreed with the Commission's argument that appellants were required to file the counterclaim within thirty days after the service of the summons and complaint.

Rule 12(a)(1) addresses only the filing of answers, not counterclaims. In *Allison v. Long*, 336 Ark. 432, 985 S.W.2d 314 (1999), the appellant argued that a compulsory counterclaim must be filed with the defendant's answer. The supreme court made clear that a compulsory counterclaim does not have to be filed with the defendant's answer; instead, it is compulsory in the sense that it must be raised within the pending action. The argument that a counterclaim must be filed within thirty days ignores the plain provision of Rule 13(e), which enables a pleader to assert his counterclaim by amended or supplemental pleading subject to the requirements of Rule 15. *Allison*, *supra*.

A counterclaim may be found to be untimely under Rule 15 if prejudice or undue delay would result. *See Nameloc*, *supra* (holding that there was no abuse of discretion in striking a counterclaim filed thirty-three minutes before trial began based on the opposing party's claim of prejudice). Here, however, the circuit court's finding that appellants' counterclaim was untimely pursuant to Rule 12(a)(1) is wrong. Whether the counterclaim

4

existed at the time appellants filed their answer, as contended by the Commission, or whether it was acquired thereafter, as argued by appellants, Rule 13 permits its filing beyond the thirty days appellants had to file their answer. Accordingly, we reverse and remand. On a final note, pending before the court is the Commission's motion to strike portions of appellants' brief, alleging that appellants have improperly raised several issues that are not before this court. Because these issues are not addressed in this opinion and do not prejudice the Commission or affect the outcome of this appeal, the motion to strike is moot. *See State Farm Fire & Cas. Co. v. Ledbetter*, 355 Ark. 28, 129 S.W.3d 815 (2003).

Reversed and remanded.

GLADWIN and GRUBER, JJ., agree.

*John Wesley Hall*, for appellants.

*M. Todd Elder* and *Kelsey Bateman*, for appellee.