Cite as 2025 Ark. App. 244

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-24-51

| | |
|---|---|
| EASTERN EQUIPMENT, LLC<br>APPELLANT<br><br>V.<br><br>WILLIAM BRYAN BATES II<br>APPELLEE | Opinion Delivered April 23, 2025<br><br>APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT<br>[NO. 64CV-21-131]<br><br>HONORABLE TERRY M. SULLIVAN, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

**BART F. VIRDEN, Judge**

Appellant Eastern Equipment, LLC, appeals from the Scott County Circuit Court's order granting appellee William Bryan Bates II's motion to strike Eastern's answer and denying Eastern's motion for sanctions due to spoliation. Eastern denies violating the trial court's scheduling order and argues that its counterclaims raised in an amended answer were neither untimely nor prejudicial. Eastern also argues that the trial court erred in denying the motion for sanctions because Bates failed to maintain the equipment at issue. We affirm the trial court's decision to strike Eastern's amended answer; however, we dismiss Eastern's appeal as it pertains to the denial of its motion for sanctions because we have no jurisdiction to review that decision.

I. *Background*

Eastern, located in West Virginia, sells used heavy equipment on Facebook. On July 1, 2021, Eastern advertised a 1994 John Deere excavator on its website. On July 2, Bates paid $31,300 to purchase the excavator and have it delivered to him in Waldron. In September, Bates filed his original complaint for breach of contract alleging that the excavator was in "deplorable condition" when he received it, despite Eastern's agent's assurances that it was "work ready." Bates described in the complaint what was wrong with the excavator and alleged that it would cost over $68,000 to repair the equipment. Bates amended his complaint the following month, and Eastern moved for summary judgment. A hearing was held on the summary-judgment motion in early May 2023, and the motion was later denied. At the hearing, the trial court ordered the parties to produce an agreed scheduling order and said that a jury trial would be held October 23 or 25.

With permission from the trial court, Bates filed a third amended complaint on May 15 in which he alleged that he has a contract with Arkansas Southern Railroad that requires him to keep the railroad and bridges free of debris, which, in turn, requires that he have a safe and reliable machine—here, the excavator—to perform his duties. On June 2, Eastern filed an answer to Bates's third amended complaint.

On June 9, Bates's counsel assured the court that a scheduling order was forthcoming. On June 22, the trial court noted that it had not yet received a scheduling order and ordered that one be produced within seven days. The trial court warned that, if it prepared the scheduling order, the order "would be strictly adhered to." On August 10, the trial court entered its own scheduling order.

The scheduling order provides, in part, that (1) all discovery shall be completed by October 2 and that all discovery motions or requests must be propounded and served on opposing counsel sufficiently in advance of that date to require responses to be due on or before October 2; (2) all pretrial motions, including motions in limine, must be filed at least fifteen days before the pretrial hearing to be held on October 10; (3) answers to interrogatories and requests for production of documents should be made fully and completely, and late or last-minute supplements to discovery requests may be subject to being struck absent a showing of good cause as to why such disclosure was not made sooner; (4) all dispositive motions, such as a motion for summary judgment, must be presented to the court as set forth in Ark. Sup. Ct. Admin. Order No. 3 and Ark. R. Civ. P. 7, and the failure to timely submit any potentially dispositive motions via mail or email to the court may result in said motions not being ruled on before trial or deemed waived.

On August 29, Eastern filed an amended answer to Bates's third amended complaint in which it asserted counterclaims pursuant to Ark. R. Civ. P. 15. Specifically, Eastern, citing Ark. R. Civ. P. 13, alleged breach of contract, given Bates's new allegations that established his status as a "merchant" under the Uniform Commercial Code (UCC). Eastern also alleged defamation per se due to Bates's threats to interfere with Eastern's business.

On September 29, Bates responded to discovery requests and provided Eastern with photographs of the excavator. On October 2, Eastern moved for sanctions due to spoliation, alleging that Bates had left the machine in a field exposed to the elements for over two years.

According to Eastern, the excavator was now in a markedly diminished condition compared to when the equipment was sold to Bates.

At the pretrial hearing on October 10, the trial court heard arguments on Bates's motion to strike Eastern's amended answer with its counterclaims, Eastern's motion for sanctions due to spoliation, and other motions not relevant to this appeal. The trial court granted Bates's motion to strike and found that Eastern's counterclaims were untimely and violated the trial court's scheduling order because the amended answer was filed nineteen days after the trial court had entered the August 10 scheduling order and nearly three months after Eastern had filed its original answer. The trial court also denied Eastern's motion for sanctions as untimely since it was filed beyond the cutoff date for the filing of dispositive motions per the scheduling order.

## II. *Jurisdiction*

An appeal may be taken from an order that strikes an answer, or any part of an answer, or any pleading in an action. Ark. R. App. P.–Civ. 2(a)(4). Because the trial court struck Eastern's amended answer in which it asserted counterclaims, we have jurisdiction over this aspect of the trial court's order as an interlocutory appeal. Eastern claims that we also have jurisdiction over the denial of its motion for sanctions due to spoliation because that denial appears in the same order striking its amended answer.

An appeal from an interlocutory decision brings up for review only the decision from which the appeal was taken, meaning that the issues raised in the appeal must be reasonably related to the order appealed from, and an interlocutory appeal may not be used as a "vehicle

4

to bring up for review matters which are still pending before the trial court." *Wood v. Alkhaseh*, 2023 Ark. App. 179, at 15, 666 S.W.3d 87, 96 (quoting *Coleman Serv. Ctr., Inc. v. S. Inns. Mgmt., Inc.*, 44 Ark. App. 45, 49, 866 S.W.2d 427, 429 (1993)). In *Arnold & Arnold v. Williams*, 315 Ark. 632, 637, 870 S.W.2d 365, 367 (1994), the supreme court said that "we should rule on all the issues dependent upon the stricken answer."

Here, Eastern's amended answer raised two counterclaims: the first counterclaim involves Bates's alleged status as a "merchant" under the UCC, while the second counterclaim relates to allegations that Bates made negative comments on Eastern's Facebook website to hurt its business. We cannot say that Eastern's motion for sanctions due to spoliation related to the deteriorated condition of the excavator is related to, or dependent on, either of Eastern's counterclaims in its amended answer. Indeed, Eastern does not even argue that they are related or dependent; rather, Eastern asserts that jurisdiction lies because the motion for sanctions was decided in the same order as a decision that is the subject of an interlocutory appeal under Ark. R. App. P.–Civ. 2(a)(4). We therefore dismiss the appeal as it pertains to the denial of Eastern's motion for sanctions. We lack jurisdiction to review that decision.

## III. *Discussion*

In the trial court's order, it granted Bates's motion to strike Eastern's amended answer and counterclaims on finding that the answer was "violative of this Court's Scheduling Order." The trial court also mentioned the timing of Eastern's amended answer in which it raised counterclaims and that the counterclaims were raised nearly three months after

5

Eastern's original answer to Bates's third amended complaint. The standard of review on accepting or rejecting pleadings is abuse of discretion. *Nameloc, Inc. v. Jack, Lyon & Jones, P.A.*, 362 Ark. 175, 208 S.W.3d 129 (2005).

Eastern asserts that the trial court found that its amended answer with its counterclaims violated its scheduling order and that the trial court did not consider whether Bates would be prejudiced or whether the amendment would result in undue delay of the proceedings. Eastern further contends that the trial court's scheduling order provides deadlines for filing *motions* but said nothing about *pleadings*. Eastern also argues that it could amend its answer pursuant to Ark. R. Civ. P. 13(e), which provides that, when a pleader fails to assert a counterclaim, he shall be entitled to assert such counterclaim by amended or supplemental pleading subject to the requirements and conditions of Ark. R. Civ. P. 15. Eastern asserts that Rule 15(a) provides that a party may amend his pleadings at any time without leave of the court and cites *Allison v. Long*, 336 Ark. 432, 985 S.W.2d 314 (1999), in which the supreme court held that a compulsory counterclaim had not been waived by the defendants' failure to include it in their original answer but that the defendants could raise it in a supplemental pleading.

According to Eastern, it filed a timely answer to Bates's third amended complaint on June 2, and then, "[u]pon determination that it could assert a claim against Bates under the UCC," Eastern filed an amended answer asserting the counterclaim on August 29, which was nearly two months before trial and over one month before the close of discovery. Eastern argues that it thus complied with Rules 13 and 15.

Eastern acknowledges that Rule 15(a) also states that, where, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding. Eastern argues, however, that the trial court did not consider whether Bates would be prejudiced by the amendment and did not consider whether allowing the amendment would result in undue delay. Eastern contends that the trial court ruled only that the amendment asserting the counterclaim violated its scheduling order. Eastern states that, in any event, its counterclaim would not present a high risk for prejudice or result in undue delay. According to Eastern, its counterclaim raised a claim under the UCC, which was the basis for two of Bates's claims in his third amended complaint, and that all discovery necessary for Bates to defend against the counterclaim—and for Eastern to prosecute its counterclaim—had already been conducted.

Generally speaking, a written order controls over oral pronouncements, but that is the case only when there is a conflict or a discrepancy between the oral ruling and the written order. *Martin v. Higgins*, 2024 Ark. App. 1, at 4 n.3, 682 S.W.3d 357, 359 n.3. We routinely rely on a trial court's oral statements from the bench to inform or to explain the reasoning behind a written order. *Id.*; *see, e.g.*, *Grindstaff v. Strickland*, 2017 Ark. App. 634, 535 S.W.3d 661 (quoting at length and considering the trial court's oral findings); *Kimbrough v. Kimbrough*, 83 Ark. App. 179, 119 S.W.3d 66 (2003) (considering both the trial court's oral and written findings). Although Eastern is correct that the trial court did not use the words "prejudice" or "delay" in its written order, the trial court in its oral ruling repeatedly referred

7

to the delay that Eastern's counterclaims would cause in the proceedings. From the bench, the trial court said the following:

> Now, that [scheduling order] may say "motions" and not "pleadings," but I think they are essentially interchangeable. And I believe your client is in willful violation of this scheduling order. I am not going to continue this case. This case was pending for two years. *You had two years to file a counterclaim. You could have filed a counterclaim in June.* I am striking your counterclaim.
>
> . . . .
>
> [The counterclaim] is untimely. *It will result in a delay of this case, which has been set for trial some time. This case has been pending for two years.* The defendant had plenty of time to file the counterclaim. *You could have filed your counterclaim when you filed your answer to the Third Amended Complaint*, which I believe was June the 2nd.
>
> . . . .
>
> [The counterclaim]'s not timely filed. *I'm not going to delay the trial of this case because your client files an untimely counterclaim six weeks before the trial of this case.* I've ruled.

(Emphasis added.)

The Arkansas Supreme Court has held that a motion is not a pleading and has suggested that the term "pleadings," as used in Ark. R. Civ. P. 12, encompasses only the complaint and answer and any counterclaim and answer. *See Bennett v. Spaight*, 372 Ark. 446, 277 S.W.3d 182 (2008); *Est. of Hastings v. Planters & Stockmen Bank*, 307 Ark. 34, 818 S.W.2d 239 (1991). We agree with Eastern that the trial court's scheduling order does not refer to amendments to pleadings, and we acknowledge that the trial court conflated motions and pleadings in its oral ruling. The trial court nevertheless found that Eastern's amended answer asserting counterclaims would result in a delay of the proceedings, which is a sufficient basis on which to strike Eastern's amended answer.

8

When the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment or a supplemental pleading, the court may strike such amended pleading or grant a continuance of the proceeding. *Hall v. Ark. State Highway Comm'n*, 2023 Ark. App. 301. Although Eastern's amendment did not expressly violate the trial court's scheduling order, the trial court clearly found that it would have delayed the trial, which had been pending for quite some time. We cannot say that the trial court abused its discretion in granting the motion to strike Eastern's amended answer pursuant to its authority under Rule 15(a). Also, Eastern suggests that it was not aware of its right to assert the counterclaim until Bates filed the third amended complaint and claimed to be a "merchant," but Bates's third amended complaint was filed May 15, and Eastern did not raise the counterclaim related to his merchant status until it amended its original June 2 answer on August 29, which was two and a half months later.

Affirmed in part; dismissed in part.

ABRAMSON and BARRETT, JJ., agree.

*Knapp Law Firm*, by: *Donald E. Knapp, Jr.*; and *Shuman McCuskey Slicer PLLC*, by: *Roberta Green*, pro hac vice, and *Tyler L. Rittenhouse*, pro hac vice, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellee.