Cite as 2025 Ark. App. 574

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-24-544

| | |
|---|---|
| DELIS Q. GREENAWAY AND SYLVENA THEALORA DORMER<br><br>APPELLANTS<br><br>V.<br><br>EBENEZER HILLS MISSION<br>APPELLEE | Opinion Delivered December 3, 2025<br><br>APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CV-23-123]<br><br>HONORABLE JACK "JAY" T. PATTERSON II, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**BART F. VIRDEN, Judge**

Appellants Delis Q. Greenaway and Sylvena Thealora Dormer (collectively, "Greenaway") appeal from the Johnson County Circuit Court's order for a writ of possession and judgment for damages in favor of appellee Ebenezer Hills Mission ("the Mission") in this unlawful-detainer action. Greenaway argues that the trial court erred in finding that the Mission is a valid unincorporated nonprofit association and that it was a proper party to bring an unlawful-detainer action. Greenaway further argues that the trial court erred in awarding damages to the Mission. Because we lack jurisdiction, we dismiss the appeal without prejudice.

I. *Procedural Background*

On July 14, 2023, the Mission filed a complaint against Greenaway for unlawful detainer. The Mission alleged that, although Greenaway began living on the Mission's property in Clarksville with permission in the summer of 2020, that permission had been withdrawn after Greenaway was served on June 12, 2023, with notice to vacate. The Mission further alleged that Greenaway had not vacated as requested and was thus residing on the property unlawfully. The Mission sought a writ of possession and damages.

A hearing was held on the Mission's request for a writ of possession. On February 23, 2024, the trial court entered an order finding that the Mission had met its burden for issuance of the writ and that Greenaway had until March 15 to vacate the property. When Greenaway had not vacated the property, the clerk of Johnson County issued a writ of possession on March 18.

A final hearing was held in July on the Mission's request for damages. The trial court awarded judgment for the rental value of the property for the time that Greenaway remained in unlawful possession after receiving notice to vacate as well as costs. Greenaway has appealed from the order for writ of possession and the judgment for damages.

## II. *Jurisdiction*

On March 13, 2024, Greenaway filed a notice of appeal from the trial court's February 23 order for writ of possession. Greenaway sought an extension to lodge the record, which was granted. The trial court extended the time to August 12. Greenaway timely tendered the record with this court on August 12. The record, however, was returned for "correction to form." The corrected record was certified on August 20 and treated as having

been timely filed on the August 12 deadline. In the meantime, although the hearing on damages had been held in July, the trial court did not enter its judgment until August 16. Greenaway filed an amended notice of appeal on August 20 to include the money judgment on damages.

Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). Certainly, circuit courts have continuing jurisdiction to correct records in order to make them speak the truth; however, the circuit court loses jurisdiction to *act further* in the matter once the record is lodged in the appellate court. *Id*. Actions taken by a court without jurisdiction are null and void. *Id*. In *Cureton v. Stout*, 2020 Ark. App. 406, a single lawsuit arising out of a motor-vehicle accident was bifurcated into compensatory- and punitive-damages phases. The litigation resulted in two separate judgments and two appeals. The compensatory-damages judgment was entered on April 10, 2018, and the notice of appeal was filed on May 10. The punitive-damages judgment was entered on August 9, 2018, and the notice of appeal was filed on August 28. The record, however, had been lodged with this court on August 7 in connection with the compensatory-damages judgment such that the trial court did not have jurisdiction to enter the judgment for punitive damages on August 9. We thus dismissed the appeal as it related to punitive damages.

Here, given that the trial court entered the judgment on damages four days *after* the record had been lodged with this court, we must dismiss Greenaway's appeal as to the money judgment. Furthermore, as we explained in *Coleman's Service Center, Inc. v. Southern Inns*

*Management, Inc.*, 44 Ark. App. 45, 866 S.W.2d 427 (1993), an action for unlawful detainer is a two-step process. *See* Ark. Code Ann. § 18-60-307 (Repl. 2021). We said that "[t]he statute contemplates that the right to possession will be preliminarily determined and, if appropriate, a writ of possession issued, but that the question of damages will be left for a subsequent hearing." *Coleman's*, 44 Ark. App. at 48–49, 866 S.W.2d at 429. In fact, Ark. Code Ann. § 18-60-307(d)(1)(B)(ii) expressly provides that a writ of possession is not a final adjudication of the parties' rights in the action. Without the judgment on damages, we cannot review the order for writ of possession at this time because that order alone is not final and appealable.[1] We, therefore, lack jurisdiction to consider this appeal and dismiss it without prejudice.

Dismissed without prejudice.

ABRAMSON and TUCKER, JJ., agree.

*Scholl Law Firm P.L.L.C.*, by: *Scott A. Scholl*, for appellants.

*Williams Law Firm of Arkansas*, by: *D. Joel Kurtz*, for appellee.

---

[1]There is no certification of final judgment pursuant to Ark. R. Civ. P. 54(b)(1) following the judge's signature on the order for writ of possession.